I respectfully dissent from the majority's decision to remand this matter for a new trial, although I concur with the determination that it was error to admit the videotape.
The State did not present sufficient evidence to establish all the elements required to convict Carter of the offense of promoting prostitution. Accordingly, it is inappropriate to send this matter back to the trial court for a new trial. See State v. Thompkins (1997),78 Ohio St.3d 380, 387, citing, Tibbs v. Florida (1982) 457 U.S. 31, 47.
After the State presented its evidence, Carter's trial counsel moved for an acquittal pursuant to Crim.R. 29 which the trial court overruled. Although not specifically raised by Carter's counsel as an assignment of error on appeal, a review of the record reveals that the State did not produce sufficient evidence to sustain a conviction for promoting prostitution.[5] Thus, it was plain error for the trial court to deny Carter's motion for acquittal.
To determine whether sufficient evidence existed to convict Carter of promoting prostitution, we must review the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two at syllabus.
Carter was charged with violating R.C. 2907.22(A)(2), which states that No person shall knowingly * * * [s]upervise, manage, or control the activities of a prostitute in engaging in sexual activity for hire * * *.
The only evidence favorable to the prosecution is that Carter was seen following Henderson while she was allegedly soliciting males, and her identification card was found in Carter's vehicle. Further, after his arrest, Carter, without prompting, made the statement that he did not have her working in the streets, and that she was working because she wanted to. This evidence alone does not support a finding that Carter was controlling or supervising Henderson's activities.
Assuming that this scant amount of evidence supports a finding that Carter was supervising Henderson, the State still failed to establish that Henderson was a prostitute engaging in sexual activity for hire.
Again, some favorable prosecutorial evidence was presented. First, Henderson was found in an area known for prostitution. She was picked up by males and spent approximately 20 minutes in their cars. Further, when asked by Det. Mitchell whether she was dating, she answered affirmatively and asked him to expose himself conduct which Mitchell testified was standard procedure in prostitution. Therefore, sufficient circumstantial evidence existed to support a finding that Henderson was a prostitute. However, there was no evidence to support a finding that Henderson was engaging in sexual activity for hire. In charging the jury, the trial court defined sexual activity as sexual conduct or contact. Sexual conduct was defined as intercourse/oral sex/penetration, and sexual contact was defined as any touching of an erogenous zone.
However, no evidence of sexual activity was introduced at trial. Further, there was no evidence presented that Henderson received any money from the males in the vehicles, nor did she ever discuss with Det. Mitchell the exchange of money. Further, when asked about Henderson's charges, Det. Mitchell testified as follows:
 A: Her offense was soliciting rides on the roadway, because she was observed getting in and out of vehicles.
Q: Did you charge her with prostitution?
A: No.
Q: Why not?
 A: Because the case had not been confirmed. So, what we do here, if we see her getting in and out of vehicles on the roadway, then we'll issue her a uniform traffic ticket for soliciting. (Emphasis added.)
* * *
Q: Based on your experience, was she a prostitute?
[Defense counsel]: Objection.
The Court: Overruled.
A: Yes.
Based on the foregoing, the prosecution failed to establish the element of sexual activity for hire, an essential element of the offense of promoting prostitution.
Thus, evidence on each element of the offense of promoting prostitution was not presented, and it was error to bring this charge to the jury. See Jenks, 61 Ohio St.3d at 259. Accordingly, this case cannot be retried. See Thompkins, 78 Ohio St.3d at 387. Therefore, I dissent from the majority's decision to remand this matter for a new trial.
[5] The second assignment of error references manifest weight, but the argument found on page 15 of Carter's brief strictly involves a sufficiency analysis.